TENANT'S HEIRS
*vs*
MARMADUKE, &c.

*Beatty* for appellants: *Payne & Waller* for appellee.

---

MOTION.

Case 19.

Sept. 18.

The case stated.

## Tenant's heirs *vs* Marmaduke, &c.

### Motions.  Set-off.  Jurisdiction.

JUDGE MARSHALL delivered the opinion of the Court.

At the fall term, 1843, this Court having reversed a judgment in ejectment of the General Court, in favor of *Tenant's heirs* vs *Marmaduke, &c.*, and remanded the cause, with directions to render a judgment in pursuance of the verdict, (4 *B. Mon.* 210,) a judgment was here rendered in favor of Marmaduke, &c., for their costs in this Court, amounting to $66 03. On the 8th of February, 1844, the mandate of this Court was entered in the General Court, and in obedience thereto, judgment was then rendered in favor of Tenant's heirs, for the recovery of their term, and also for the costs of the action, amounting to $53 81¼. On the 15th of the same month, Tenant's heirs moved in the General Court, to set off so

much of their judgment for costs in that Court, as would
pay that portion of the judgment for costs in this Court,
in favor of Marmaduke, &c. Whereupon, without the
consent, or even appearance of Marmaduke, &c., to the
motion, it was "ordered and adjudged by the General
Court, that the said sum of $53 81½, be set off as pay-
ment of so much of said sum of $66 03. And the said
plaintiffs, Tenant's heirs, are entitled¹ to a credit for that
amount on the execution which issued from the office of
the Court of Appeals, in favor of said Marmadude, &c.,"
which was ordered to be certified to the Clerk of the
Court of Appeals. On the —— day of ——, the Clerk
of this Court, not obeying the order of the General Court,
issued an execution for the full amount of the judgment
in favor of Marmaduke, &c., without crediting thereon
the amount of the judgment of the General Court against
them; and Tenant's heirs have now moved in this Court,
to quash the said execution, or to have a credit entered
thereon for the amount of their judgment in the General
Court.

This motion being opposed, the first question is,
whether the order of set-off, made by the General Court,
is obligatory to any extent, either upon Marmaduke,
&c., or upon this Court or its Clerk. We think it is
not. The General Court had some power over its own
judgment, during the term, and over the execution of it
afterwards, but it had no power in virtue of its own
proper jurisdiction, over either the judgment or the exe-
cution in this Court. If Marmaduke, &c. who had un-
doubtedly the right to place such credit as they might
choose, on their judgment and execution in this Court,
had gone into the General Court, and offering to credit
their execution by the amount of the judgment in that
Court against them, had asked for a set-off, or corres-
ponding credit upon this latter judgment, that Court
might have had power in virtue of this offer, to adjudge
the set-off as asked for, and the party moving for it would
undoubtedly have been bound by it. Under such cir-
cumstances, this Court would not have permitted him to
have full execution of its judgment, in violation of this
obligation. But even in case of such an offer being made

One holding a
judgment of this
Court might ask
in the General
Court, upon mo-
tion and notice,
a set-off of his
judgment of this
Ct., and if done
would be bound
thereby,　　but
without the as-
sent of the hold-
er of the judg-
ment　of　this
Court, the Gen-
eral Court could
net make the set-
off in that Court.

TENANT'S. HEIRS
*vs*
MARMADUKE, &c.

in the General Court, and a motion for a set-off being grounded thereon, the opposite party should, in proprie- ty, have an opportunity to be heard. The motion for a set-off is addressed to the equitable discretion of the Court, and that discretion should embrace the equities on both sides.

This Court will not presume that a party was pre- sent in Court when an order is made in his cause not prop- erly under the power of the Court.

It is contended, that as the judgment of set-off was made at the same term of the General Court at which the judgment for costs in this Court was rendered, both parties must be considered as being before the Court on the motion, and that the power of the Court to make the set-off, depended not upon its jurisdiction over the subject matter, but upon its jurisdiction over the person of the parties. We do not concede either of these propositions. The parties were presumptively in Court, upon every or- der which the Court could legitimately make in relation to the judgment; but not for any purpose which the Court had no power to accomplish against the consent of one of them. And if both parties had been present, ·the one proposing, and the other ópposing this set-off, we do not admit that the Court would thereby have acquired juris- diction to dispose of the judgment or execution of this Court, against the will of the plaintiffs therein. The Common Law Court does not acquire jurisdiction over a subject matter, because the parties interested in the subject, may be before it; but has power over the parties before it, only in virtue ^of its jurisdiction over the subject matter, and for the purpose, and to the extent only of carrying out that jurisdiction. It might as well be said, that the Court could compel Marmaduke, &c., because they were present, or because a judgment had been rendered against them at the same term, to credit that judgment upon a note or notes held by them against the plaintiffs in the judgment, as that it could compel them, on either of these grounds, to credit their judg- ment in this Court with the amount of the judgment against them in that Court.

The Court of C. P. in England, did set-off a judg- ment of the Court

The case of *Hall* vs *Ody*, (2 *Bos. and Pul.* 28,) in which the Court of Common Pleas, in England, set-off a judgment for costs in the Court of King's Bench, against a judgment for costs in the Common Pleas, shows that

the set-off was moved for by the party in whose favor the judgment of the King's Bench had been rendered ; and in the case of the *Formedon*, referred to by Heath Justice, the order was made in behalf of the party who had the judgment in the King's Bench. It is to be observed, too, that in the case of *Hall* vs *Ody*, the set-off was made upon a rule to show cause. The case of *Schermerhorn* vs *Schermerhorn*, (3 *Caine's N. Y. Rep.* 190,) shows only, that in the Supreme Court, a judgment of the Court of Common Pleas *was allowed* to be set-off against one recovered in tne Supreme Court. From which brief statement, it is to be inferred, that the party entitled to the benefit of the judgment in the Common Pleas, had been *allowed* on his motion to set it off against the judgment against him in the Supreme Court. And we do not find either in these cases or in any others, any authority for the opinion, that the General Court had power or jurisdiction, to order and adjudge a set-off of a judgment of this Court, against a judgment of that Court, against the consent, and in the absence of the party in whose favor the judgment of this Court was rendered, and without notice to them. We are of opinion, therefore, that said judgment of set-off, was wholly unobligatory and void.

But the cases above cited, tend to show, and we are disposed to admit, that this Court has the power, upon the application of Tenant's heirs, the plaintiffs in the judgment of the General Court, to set-off that judgment against so much of the judgment against them in this Court, they having, in effect, placed their judgment under our control for this purpose. And the power being conceded, the question whether the proposed set-off, or credit, shall be allowed, resolves itself into one of expediency and discretion.

Regarding the question in a general point of view, it is to be observed, that although the practice of setting-off on motion or rule in one Court the judgment of another, against one of its own between the same parties, seems to have been indulged to some extent in England, between the co-ordinate tribunals of Westminster Hall, or at least in one of them ; and although it was allowed in

TENANT'S HEIRS
vs
MARMADUKE, &c.

of K. B. against its own judgment; but it was at the instance of the party holding the judgment in K. B.

This Court will not hear and decide motion to set-off judgments of other Courts against its judgments; its jurisdiction is appellate and not original.

one case in the Supreme Court of N. York, between judgments of the inferior and Appellate Court, we are not aware that any such practice has prevailed in this State, even in the Circuit Courts, and we have discovered no precedents for it in this Court. And the question is now presented for the first time, so far as we know, whether this Court, essentially appellate in its character and powers, and having no independent original jurisdiction, shall enter upon this new ground, of hearing motions to set-off judgments of other Courts against its own judgments between the same parties. If the set-off depended upon a mere comparison of amounts, there might, perhaps, be no objection. But it may often depend upon various extrinsic facts, affecting the rights of the parties, and the equities of the case. Shall we engraft upon our power over our own judgments, a practice which may lead us into extended and complicated inquiries, and thus, in effect, draw to ourselves a jurisdiction to try, in a summary and incidental way, facts and rights which have not before been litigated, and bring into the Court a mass of business, which may, perhaps, overlay or otherwise affect disadvantageously that which comes regularly and legitimately before us? We certainly are not inclined, and we do not feel bound, either by any principle or precedent which has been presented to us, to open such a door.

In the present case, it is urged that the order of set-off in the General Court, will preclude the plaintiffs in that Court from suing out execution on their judgment in that Court, and that to relieve them from this embarrassment, and to do justice between the parties, the set-off should be allowed in this Court. We suppose, however, that according to the view above taken, the order of the General Court, though it may embarrass, will not bar the further prosecution of the judgment in that Court. And to relieve the plaintiffs here from the embarrassment which they have improperly brought upon themselves, because it may be more easily done here, would but invite to a similar course in other cases. A conclusive answer to this argument, is however furnished by the fact, that the judgment for costs in the General Court. is understood

to have been enjoined in that Court, (so far as there is a remaing power to prosecute it,) and may be perpetually enjoined. And as we certainly should not in this incidental motion, inquire into the merits of the injunction, and anticipate its future fate, we cannot enter a credit on a valid judgment in favor of Marmaduke, &c., on account of a judgment against them, which the other party may, on equitable grounds, be restrained from ever collecting. Wherefore, the motion is overruled.

*Cates & Lindsey* for plaintiffs : *Loughborough* for defts.