TAYLOR VS. WILLIAMS.

TAYLOR
v.
WILLIAMS.

14 155
f107 48
107 49

An application to this court, by a defendant in error against whom a judgment for costs had been rendered here, to have such judgment set off against a larger judgment in his favor obtained against the plaintiff in error in the circuit court, was granted under the circumstances of this case.

The circumstances under which an application to set off one judgment against another is usually allowed, considered *per* COLE, J.

*By the Court*, COLE, J. This is an application on the part of August 21. *Williams*, the defendant in error, to have a judgment for costs in this court against him set off against a larger judgment in his favor obtained against *Taylor* in the circuit court. The application is made upon motion and proper notice to the opposite party.

From the authorities cited in support of the motion, it would seem to be the practice in England to set off one judgment against another even when they are in different courts. *Hall vs. Ody*, 2 Bos. & Pul., 29 ; *Bridges vs. Smyth*, 8 Bing., 29 ; *Bristowe vs. Needham*, 7 M. & G., 648. In this country the practice is not uniform. In New York such set-offs are allowed (1 Bur. Prac., 281 ; *Ross vs. Hicks*, 11 Barb. (S. C.), 481, and cases there cited) ; while in Kentucky the practice is disapproved. *Tenant's heirs vs. Marmaduke*, 5 B. Mon., 76. But even where the practice to set off one judgment against another obtains, such set-off is only allowed when parties are interested in the respective judgments in the same right, and the judgment is conclusive, and the rights of the parties are not doubtful, complicated or intricate, and the application is made in the court where the judgment against the moving party was recovered. *Ross vs. Hicks*, *supra*. Upon such conditions and qualifications, the practice may not be open to serious objection. Of course such an application is always addressed to the sound discretion of the court in which it is made, and we should not entertain one where the equities of the case were not clear, or where we should have to enter upon any extended examination to determine the facts of the case, or the rights of the parties. This motion to make the set-off is not seriously resisted, although the counsel for *Taylor* suggested that it would

June Term,
1861.

be more correct to make the application in the circuit court, where the larger judgment existed. We suppose the defendant in error could only make the motion here where the judgment was against him, and applying to have the set-off made he will be bound by the order of this court, and must see to it that the judgment of the circuit court is *pro tant̃* discharged.

The motion is granted, but without costs.