LUNDGREEN, Appellant, vs. STRATTON and another, Respondents.

79 227<br>s107 48

*February 24 — March 17, 1891.*

*Attorney's lien: Setoff of judgments.*

Where, in a suit by L. against S. and T., judgment was rendered in favor of L. against S. for $30, and in favor of T. against L. for $110.16, and after the latter judgment had been affirmed in the supreme court with $48.75 costs, T. assigned both of his judgments to C., who was his attorney in the action and claimed a lien thereon, and S. also assigned to C. his interest in such judgment for costs, and C. gave notice thereof to L., but before such assignment L. had procured an assignment of a judgment in favor of B. against T. for $152.40, which he sought to set off against the judgments held by C., *held* that, as B. had no right to have his judgment set off against those in favor of T., neither had L. as his assignee any right to set off that, or his own judgment for $30, against those assigned to C.

Lundgreen vs. Stratton and another.

APPEAL from the Circuit Court for *Washburn* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was originally brought by the plaintiff to compel the specific performance of a land contract. It appears from the record that on the trial of the case, November 4, 1887, judgment was rendered in favor of the defendant *Thomas*, and against the plaintiff for $110.16, and that judgment was also rendered in the action in favor of the plaintiff and against the defendant *Stratton* for $30, both of which judgments were thereupon docketed; that March 12, 1889, the judgment in favor of *Thomas*, so entered, was affirmed in the supreme court, with $48.75 costs (73 Wis. 659); that March 14, 1889, *Thomas* assigned his said two judgments to J. F. Coe, his attorney in the action; that May 23, 1889, *Stratton* assigned his interest in the judgment of $48.75 to said J. F. Coe; that January 16, 1889, A. L. Bugbee got a judgment against *Thomas* for his services as his attorney for $152.40; that January 19, 1889, Bugbee assigned that judgment to the plaintiff; that March 27, 1889, J. F. Coe notified the plaintiff and his attorney that the two judgments in favor of *Thomas* had been assigned to him, prior to which time the plaintiff had no notice that Coe had not been paid, but claimed a lien on said judgments for services; that August 1, 1890, the plaintiff moved the trial court to have said judgments of $30 and $152.40 offset against said judgments of $110.16 and $48.75; and after hearing counsel for the respective parties, an order was entered denying said motion with $10 costs. From which order the plaintiff brings this appeal.

The cause was submitted upon the briefs of *A. L. Bugbee* for the appellant, and *L. H. Mead* and *J. F. Coe* for the respondents.

CASSODAY, J. Mr. Coe was the attorney for *Thomas* in obtaining the two judgments in his favor and against the

plaintiff. This gave him liens upon those judgments for his disbursements and services therein, as against *Thomas. Howard v. Osceola,* 22 Wis. 453; *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 337. In recognition and confirmation of those liens, *Thomas* assigned both judgments to Coe. Such liens, however, are ordinarily subordinate to superior equities in favor of the adverse party. *Yorton v. M., L. S. & W. R. Co.* 62 Wis. 375; *Bosworth v. Tallman,* 66 Wis. 533. But the plaintiff has no such equity by virtue of the judgment in his favor and against *Stratton* personally. *Thomas* was not even bound to pay that judgment. He was bound to pay the judgment against him in another action and in favor of Bugbee; but Bugbee had no right to have his judgment set off against the judgments in favor of *Thomas;* and the plaintiff acquired no right superior to Bugbee by virtue of the assignment of that judgment to him. *Thomas* was certainly under no higher obligations to pay Bugbee or his assignee than he was to pay Coe for his legal services and disbursements in obtaining the two judgments, and Coe, having acquired those judgments by reason of his liens, is not to be superseded by virtue of the judgment in favor of Bugbee.

*By the Court.*— The order of the circuit court is affirmed.