WELSHER, Respondent, vs. LIBBY, MCNEIL & LIBBY, Appellant.

*April 27 — May 15, 1900.*

*Offsetting judgments of different courts: Conclusiveness of judgment: Pendency of another action.*

1. The fact that judgments are in different courts will not prevent their being offset, if the applicant applies to the court where the judgment against him exists, since such court may make the satisfaction of its own judgment conditional upon the satisfaction by the applicant of the judgment in his favor in the other court.
2. Where a judgment has not been appealed from or attacked within the time limited therefor, it must be given conclusive effect on an application to set it off against the judgment in another action between the same parties.
3. The fact that a plaintiff against whom a judgment for costs has been rendered has commenced another action against the defendant for a larger amount will not prevent said judgment being offset against a judgment in favor of the defendant, since the latter judgment would be a proper setoff or counterclaim against such demand as the plaintiff holds against the defendant.

MOTION to set off judgments. *Motion granted.*

Motion to set off judgment in this court for costs in favor of plaintiff against a larger judgment in another suit in the

circuit court for Dane county in favor of the defendant. The plaintiff is insolvent. The only objection is that plaintiff has commenced a suit against defendant for an amount larger than their judgment, in which he is advised and believes that he has a good cause of action. His attorneys do not expressly make any claim for lien upon the judgment in this court, nor suggest insolvency of the defendants.

For the motion there was a brief by *Buell & Hanks*, and oral argument by *C. E' Buell*.

*F. K. Shuttleworth*, contra.

DODGE, J.   The policy of courts to set off mutual judgments held in the same rights between the same parties is well established in the absence of countervailing rights or equities, as recognized in *Taylor v. Williams*, 14 Wis. 155; *Bosworth v. Tallman*, 66 Wis. 533; *Lundgreen v. Stratton*, 79 Wis. 227; *Gauche v. Milbrath*, 105 Wis. 355.   In the present case the personal ownership of a judgment in this court in favor of the plaintiff, and the existence of a larger judgment in favor of defendant in the circuit court, is made to appear.   It is not suggested by plaintiff that any third persons, attorneys or otherwise, have acquired rights or have any equities in either of those judgments to be disturbed by offsetting them.   The only objections offered are: first, that the judgment in favor of the defendant in the circuit court was inequitable and unjust; and, secondly, that the plaintiff has commenced another suit for a larger amount against defendant.   The first objection is readily disposed of by the consideration that the judgment in favor of defendant must be given conclusive effect, it not having been appealed from nor attacked, and having attained an age precluding its modification by either method.   The latter is not an objection, for, even though plaintiff should recover in that action, the offset now requested would serve only to diminish the judgment held by defendant, which would doubtless be a

proper offset or counterclaim against such demand as the plaintiff holds. We therefore think this is a proper case in which to apply the one demand against the other.

Where the judgments are in different courts, all difficulty in accomplishing the practical result is obviated if, as in the present instance, the party desiring the setoff makes his application in the court where the judgment exists *against* him; for the court can then make its action in satisfying, either in whole or in part, its own judgment, conditioned upon such applicant making reciprocal satisfaction of the judgment in his favor standing in another court. This principle was recognized in *Taylor v. Williams, supra*, where substantially the same situation was presented as in the present case.

The motion, therefore, should be granted, and the clerk directed to satisfy the judgment of this court in favor of the plaintiff upon production to him of a certificate from the clerk of the circuit court for Dane county that partial satisfaction of the judgment in favor of defendant and against the plaintiff in that court to the amount of the judgment in this court has been entered.

*By the Court.*— So ordered.