BLACK, Respondent, vs. WHITEWATER COMMERCIAL & SAVINGS BANK, Appellant.

*September 25—October 20, 1925.*

*Banks and banking: Relation of bank and depositor: Applying money on deposit to debt of depositor: Money received as depositor's agent: Evidence: Sufficiency: Setoff of judgments: When allowed: Discretion of court: Appeal.*

1. The evidence in this case is *held* to sustain a finding that plaintiff did not consent to a deposit of the proceeds of an auction sale in his name and that of the cashier of the defendant bank, and that he did not agree that such proceeds should be used by the bank toward the payment on a note upon which plaintiff was an accommodation maker, in case the maker did not pay such note at maturity. p. 26.
2. While the deposit of a depositor in a bank becomes security for the payment of his debt to the bank in case of insolvency, money received by the bank as the agent of the depositor must be paid to him. p. 26.
3. The proceeds of the sale having come into the hands of the bank as the agent of the plaintiff, and the relation of bank and depositor not existing, the act of the bank in retaining the money to apply on a debt of plaintiff not yet due constituted a conversion. p. 27.
4. No absolute right to set off judgments exists, but is a matter of grace; and whether a setoff should be decreed rests in the sound discretion of the court to which application is made. p. 27.
5. Under sec. 3069, Stats., an order denying defendant's motion to offset a judgment on an application made after judgment is appealable, as the discretion of the court as to setoff is judicial and not arbitrary, and should be the subject of review, especially where the granting of the setoff works inequity. p. 27.
6. Generally, the countervailing equities to be considered should be equities existing at the time the application for a setoff of a judgment is made. p. 28.
7. All judgments, when rendered, are on an equal footing and are conclusive evidence of a claim or demand which one party holds against the other. They are in a sense contractual relations, even though one judgment may grow out of the wrongful conduct of the judgment debtor. p. 28.

8. Where the defendant bank, by breach of duty, was enabled to retain in its possession money to which plaintiff was entitled, the court did not abuse its discretion in denying the bank's setoff of a judgment on a note on which plaintiff was an accommodation indorser against plaintiff's judgment for money deposited, where the application, if granted, would have enabled the bank to apply the very money which it wrongfully withheld in satisfaction of a debt which was not due at the time of the wrongful withholding.  p. 29.

9. Judgments are set off as a matter of judicial policy and not as a matter of right.  p. 30.

APPEALS from a judgment and an order of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Affirmed.*

The plaintiff employed the defendant bank to cashier an auction sale of farm property.  Upon an accounting it was found that the bank had in its possession as the proceeds of said sale belonging to the plaintiff the sum of $1,150.  This was on the 19th day of January, 1924.  At that time the bank was the owner of a judgment note against C. W. Patrick as principal, and *T. H. Black* as accommodation maker, for the sum of $2,000.  By its terms this note became due on May 6, 1924.  It authorized any attorney of any court of record to confess judgment on the note, whether due or not.  Demand by *Black* for payment of the proceeds of the auction sale was refused by the bank, and *Black* was advised that the bank proposed to hold this money until the Patrick note should become due and apply it thereon if Patrick did not pay the note.  The money was deposited in the bank in the name of *Black* and Kyle, Kyle being the cashier of the bank.  A duplicate slip of this deposit was given to *Black,* upon which appeared the words "money not to be drawn without consent of both parties."·

*Black* brought this action to recover the money so withheld.  Judgment was rendered in his favor on November 5, 1924.  On the same day the bank entered up a cognovit

judgment on the judgment note against Patrick and *Black*. Thereafter the defendant bank made application to the circuit court to offset against the judgment which it had recovered against Patrick and *Black* the amount of the judgment which *Black* had recovered against the bank. This application was denied by the court. The bank appeals from the judgment and from the order refusing to offset the judgment.

*Easton Johnson* of Whitewater, for the appellant.

*C. A. Enslow* of Janesville, for the respondent.

OWEN, J.  The bank defended the action which *Black* brought against it for the recovery of the proceeds of the auction sale upon the ground that *Black* had consented to the deposit of the money in the name of *Black* and Kyle and that *Black* agreed that said proceeds should be used by the bank toward the payment of the Patrick note in case said Patrick did not pay said note to the defendant. Upon this issue the jury found in favor of the plaintiff, and judgment was rendered on such verdict. It is rather mildly contended here that the verdict is not supported by the evidence. This contention cannot be sustained. *Mr. Black* testified positively that he made no such agreement and that the money was retained by the bank against his protest and in spite of his demand that it be paid to him.

It is argued that the bank had a right to retain the money because it appears that *Black* was insolvent. The contention that *Black* was insolvent is based upon a statement made in his cross-examination to the effect that the money withheld by the bank was all the money he had in the world. The issue of insolvency was not tendered by the pleadings and was at no time asserted as a reason for the withholding of the money. The fact that *Black* testified that he had no other ready cash by no means established his insolvency. While it is a rule of law that the de-

posit of a depositor becomes security for the payment of his debt to the bank in case of his insolvency (1 Morse, Banks & Banking (4th ed.) § 337; *Curry v. Wisconsin Nat. Bank,* 149 Wis. 413, 418, 136 N. W. 549), the relation of bank and depositor did not exist between *Black* and the bank so far as this money was concerned. This money came into the hands of the bank as the agent of *Black,* and it was its duty to pay the money over to *Black.* Its failure to do so constituted a conversion of the money. *Wells v. Collins,* 74 Wis. 341, 43 N. W. 160. The jury having found that the bank withheld the money without the consent of *Black,* its liability to *Black* is in tort and not on contract. The relation of bank and depositor does not exist, and the rule which permits a bank to retain the deposit of an insolvent depositor to apply on a debt not yet due has no application. It is plain that the judgment appealed from must be affirmed.

The appellant seeks a reversal of the order denying its motion to offset the judgment. The power to offset judgments has been exercised by courts from an early day and is said to be inherent in courts and to depend upon no statute. No absolute right of setoff exists, but is a matter of grace, and the question whether a setoff should or should not be decreed rests in the sound discretion of the court to which the application is made. 15 Ruling Case Law, 823. It has been held that the discretion exercised by a lower court upon such application cannot be reviewed upon appeal. However, our statute expressly authorizes an appeal from an order made "upon a summary application in an action after judgment" (sec. 3069, Stats.), and such appeals have been heretofore entertained by this court. *Lundgreen v. Stratton,* 79 Wis. 227, 48 N. W. 426; *Gauche v. Milbrath,* 105 Wis. 355, 81 N. W. 487. We conclude, therefore, that, whatever may be the practice elsewhere, the settled practice of this jurisdiction permits an appeal from such an order. The discretion of the court is a judicial and not an arbitrary

discretion and should be the subject of review. This is especially true where the granting of the setoff works inequity.

We now come to the question of whether the denial of the application to set off the judgment was such an abuse of discretion as to require a reversal. The lower court refused to grant the application because the conduct of the bank in withholding the money was a palpable violation of its duty as the agent of *Black* and constituted conduct so shocking to the conscience of the chancellor that relief should not be extended. The policy of this court to set off mutual judgments in the absence of countervailing rights or equities has frequently been declared. *Welsher v. Libby, McNeil & Libby,* 107 Wis. 47, 48, 82 N. W. 693, and cases there cited. As a general rule it may be said that the countervailing equities to be considered should be equities existing at the time the application is made. It has been sometimes questioned, if not held, that a judgment in tort should not be set off against a judgment on contract, because the conduct of the party against whom the judgment in tort exists was wrongful, and is necessarily repulsive to a court of equity. All judgments, however, when rendered are on an equal footing. They are conclusive evidence of a claim or demand which one party holds against another. They are in a sense contractual relations, even though one judgment may grow out of the wrongful conduct of another. The damages sustained by reason of such wrongful conduct are deemed to be fully requited by the judgment which is recovered for money damages. The party's wrongful conduct was taken into consideration by the court and jury which rendered the judgment against him, and whatever wrong was perpetrated is fully compensated by the amount of the judgment. It has been said that "all the peculiar features which may have characterized a claim are at once lost sight of, and merged when judgment is perfected on it, and the demand takes rank equally among all other judg-

ments." *Barbour v. Nat. Exch. Bank,* 50 Ohio St. 90, 99, 33 N. E. 542, 20 L. R. A. 192. This court virtually gave expression to the same view in *Welsher v. Libby, McNeil & Libby,* 107 Wis. 47, 82 N. W. 693. In *Leitz v. Hohman,* 207 Pa. St. 289, 56 Atl. 868, the court refused to set off a judgment recovered in an action for slander against a judgment recovered on contract. While recognizing that there is no fixed rule which prevents a setoff of such judgments, the court said:

"But if one judgment is in contract and the other in tort, which implies intent to injure, though there is no fixed rule which prevents a setoff, yet the presumption is against it, and the party asking for it, especially if the tortfeasor, should show some equity in its favor. In such cases, as also where both judgments are in tort, the element of priority in time is generally of importance. And all of these rules and presumptions are subservient to the fundamental principle that each case is to be determined on its own circumstances and merits viewed with the eyes of a chancellor in equity."

In this case the bank probably breached its duty as the agent of *Black.* By this breach of duty the bank was enabled to retain in its possession moneys to which *Black* was entitled, and, if this application for setoff be granted, to apply the very money which it wrongfully withheld in satisfaction of a debt which was not due at the time of the wrongful withholding and for which the liability of *Black* was only that of an accommodation maker. Such conduct on the part of an agent cannot be viewed complacently by this court. This court on more than one occasion, but notably in *Weinhagen v. Hayes,* 174 Wis. 233, 178 N. W. 780, 183 N. W. 162, 187 N. W. 756, held that unfaithful and disloyal conduct on the part of an agent is abhorrent to the letter and spirit of the law. A refusal to set off these judgments simply leaves the bank where it would have been had it turned the money over to *Black* in accordance with its legal obligations. To reverse the order by which in the discretion of the lower court

it refused to grant the setoff would not only come well-nigh holding that the right of setoff is a legal right, but it would permit the bank to profit by its unfaithful and disloyal conduct.    It should not be forgotten that judgments are set off as a matter of judicial policy and not as a matter of legal right.    Judicial favor extended as a matter of grace should not compensate breach of responsible duty or reward conduct abhorrent to the court whose favor is sought.    We cannot say that the trial court abused its discretion in leaving the bank exactly where it would have been had it performed the duty devolving upon it as the agent of *Black*.

*By the Court*.—The judgment and the order appealed from are affirmed.