HYMAN-MICHAELS COMPANY, Respondent, vs. ASHMUS EQUIPMENT SALES CORPORATION, Appellant.

*December 7, 1956—January 7, 1957.*

For the appellant there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

FAIRCHILD, C. J.   Appellant insists that the judgment for costs and the judgment of the municipal court are decidedly separate, each from the other, although the supreme court has remitted its judgment for costs to the lower court where the final judgment was entered; and therefore the relief of setoff cannot be allowed. There is no occasion, under the circumstances now before us, for separate and distinct executions moving from different jurisdictions. The defendant points to sec. 331.07 (7), Stats., as authority, but that section provides that a setoff may be directed when the parties in interest are identical upon motion in the action in which the mover is the judgment debtor.

The proceedings now here for review arose in the case where the appellant and respondent are the identically interested parties. All liabilities affecting the identical parties arise out of the same matter. The effect of remitting a judgment for costs to the lower court must be given consideration. Under the law applicable to this situation, the settlement of

the difference is within the control of the court, which in this instance is the municipal court of Kenosha county.

The merits as disclosed by the record, under the rules applicable, give occasion for a setoff. There may be instances where an application for issuing of a writ of execution must be addressed to the supreme court, but they do not appear in the present proceeding. Under precedent and legislation, we must hold that the lower court gave due consideration to the rights of the respective parties. Secs. 272.04 (1), 274.35, Stats. "The policy of this court to set off mutual judgments in the absence of countervailing rights or equities has frequently been declared," said Mr. Justice OWEN in *Black v. Whitewater Comm. & Sav. Bank,* 188 Wis. 24, 28, 205 N. W. 404.

There is but one action, although the merits were considered in a trial court and on appeal in the supreme court. The acts of the parties out of which the controversy arose related to the liabilities and obligations of each party to the other. Sec. 270.80, Stats., was a legislative declaration of the policy of offset. As amended in 1935, that section made certain that a "lower court" of record was, for the purposes here involved, on the same level as that of the circuit court. That section reads, in part: "And whenever the supreme court shall remit its judgment for . . . costs to the lower court such judgment shall in like manner be docketed by the clerk of said court and shall have the like force and effect as judgments of the circuit court so docketed." It was within the discretion of the lower court to do as it did and grant the relief sought by the respondent.

*By the Court.*—Orders affirmed.