STATE of Wisconsin, Plaintiff-Respondent,

v.

John L. KUENY, Defendant-Appellant.†

Court of Appeals

*No. 2004AP1291–CR. Submitted on briefs August 23, 2006.
—Decided September 20, 2006.*

2006 WI App 197

(Also reported in 724 N.W.2d 399.)

† Petition to review filed.

On behalf of the defendant-appellant, the cause was submitted on the brief of *James R. Lucius*, of Greenfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

¶ 1. NETTESHEIM, J. John L. Kueny appeals from a forfeiture order entered pursuant to Wis. Stat. § 968.20 (2003–04)[1] seizing firearms he owned and kept in locked storage. He contends that the order is invalid because the confiscated weapons were not used in the commission of a crime involving their use—specifically, that he did not have actual physical possession of the firearms, and they were related to a dismissed and read-in charge, not the crime of conviction. We conclude that Kueny possessed the weapons and that a read-in charge sufficiently supports a forfeiture. We affirm.

## BACKGROUND

¶ 2. The facts are not in dispute. Kueny was charged with five counts of first-degree recklessly endangering safety by use of a dangerous weapon, possession of a firearm by a person ordered not to possess a firearm under an injunction, and failure to comply with an officer's lawful attempt to take him into custody. The charges arose from a 2001 incident in which, during a lengthy armed standoff at his residence with members of the Racine County Sheriff's Department, Kueny fired shots while officers tried to enter the home. At the time of the incident, Kueny was under an injunction not to possess any firearms and ordering him to turn them in. The ensuing search of Kueny's residence yielded a stash of guns and ammunition. The confiscation of these weapons is not challenged.

¶ 3. At issue is the seizure of a collection of firearms and ammunition from four storage units

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Kueny had rented in the area. Kueny, his brother and his late father collected firearms, some of an antique and historical nature.

¶ 4.   Under a plea agreement, Kueny pled no contest to two counts of first-degree recklessly endangering safety while armed and one count of failure to comply with an officer's order. The count of possession of a firearm by a person ordered not to possess a firearm under an injunction was dismissed but read in for purposes of sentencing.[2] The court imposed concurrent sentences of four years' initial imprisonment and five years' extended supervision for each of the endangering safety counts, and a consecutive sentence of one year initial confinement and four years' extended supervision on the failure to comply count. Kueny also was ordered to pay the costs the Racine County Sheriff's Department incurred for overtime wages and fringe benefits during the standoff.

¶ 5.   Kueny successfully appealed the portion of the judgment relating to overtime costs. By order dated October 9, 2003, the court of appeals remanded for a determination of what to do with the gun collection the county had seized in satisfaction of those costs. After an evidentiary hearing, the circuit court found that Kueny possessed the stored weapons at the time of the offense and that forfeiture was proper under WIS. STAT. § 968.20 because the confiscated firearms were dangerous weapons used in committing the crime of possessing those firearms while under an injunction.

¶ 6.   Kueny's appellate counsel then filed a no-merit report, which this court rejected. *State v. Kueny,*

---

[2] Four counts of first-degree recklessly endangering safety by use of a dangerous weapon also were dismissed and read in but they have no bearing on this appeal.

661

No. 2004AP1291–CR, unpublished order at 4 (Wis. Ct. App. July 21, 2005). We ordered appellate counsel to file a brief addressing whether firearms stored remotely can be possessed or used for purposes of Wis. Stat. § 968.20 and whether a forfeiture under that statute can occur based upon an offense that is dismissed and read in. *Kueny*, No. 2004AP1291–CR, unpublished order at 4. New appellate counsel was retained, a brief was filed and we now address those issues. More facts may be introduced as needed.

## *DISCUSSION*

¶ 7.   The forfeiture order was proper under Wis. Stat. § 968.20(1m)(b) if Kueny committed a crime involving the use of the seized weapons. Kueny contends the order was wrongly granted because (1) he was not in actual physical possession of the weapons seized from the storage lockers, and (2) the stored weapons were not used in committing the crime of which he was convicted but were related to a dismissed and read-in charge.

### *Possession*

¶ 8.   Kueny collected firearms for over thirty years. In 1996 or 1997, when he moved in with his mother to help care for her after his father died, Kueny stored the firearms in several units he rented at Allwright Moving Systems, a commercial storage facility. He never went to the storage lockers, and did not have a key to them. He paid the rental fees and could have accessed the stored items by contacting Allwright. His plan was to let the firearms appreciate in value and sell them as needed to supplement his disability income. The circuit court found that Kueny had rented the

storage units in his own name, had exclusive right of access to them and their contents, and held an unwavering intent to access the weapons at some point to sell them. The circuit court held that these reasons supported forfeiture under Wis. STAT. § 968.20(1m)(b).

¶ 9.   Kueny argues that he effectively did not have possession of the firearms. He reminds us that he had had no contact with the weapons since putting them in storage years before, did not have keys to the facility housing them, and did not have "imminent or unfettered access" to them at the time the crime was committed. We are not persuaded. Kueny owned the weapons, he paid the storage fees and, although he did not possess a key, upon request Allwright would have had to surrender to him either a key or the firearms. The firearms were in Kueny's possession because they were in an area over which he had control and he intended to exercise control over them. *See State v. Allbaugh,* 148 Wis. 2d 807, 814, 436 N.W.2d 898 (Ct. App. 1989) (approving concept of "possession" as stated in WIS JI—CRIMINAL 920, that "[a]n item is . . . in a person's possession if it is in an area over which the person has control and the person intends to exercise control over the item"). Whether or not tagged "constructive possession,"[3] the essential point is that Kueny had ultimate control over the stored firearms. *See United States v. Manzella,* 791 F.2d 1263, 1266 (7th Cir. 1986). "He need not have them literally in his hands or on premises that he occupies but he must have the right . . . to possess

[3] The Wisconsin Criminal Jury Instructions Committee has cautioned against use of the term "constructive possession" because it implies something other than "actual" or "real" possession. *State v. Allbaugh,* 148 Wis. 2d 807, 813–14, 436 N.W.2d 898 (Ct. App. 1989); WIS JI—CRIMINAL 920, Comment 2.

them, [just] as the owner of a safe deposit box has legal possession of the contents even though the bank has actual custody." *Id.* Kueny's assertion that he did not have contact with the weapons for several years does not establish lack of possession, especially in view of his testimony that he was allowing the firearms to appreciate in value for his intended later sale of them.

*Conviction versus Read-in*

¶ 10. WISCONSIN STAT. § 968.20(1m)(b) provides that a seized dangerous weapon "shall not be returned to any person who committed a crime involving the use of the dangerous weapon or the ammunition." Kueny reads the statute to require a conviction as a prerequisite to a forfeiture; we do not. Interpreting § 968.20(1m)(b) and applying it to undisputed facts presents a question of law that we review de novo. *State v. Perez*, 2001 WI 79, ¶ 12, 244 Wis. 2d 582, 628 N.W.2d 820.

¶ 11. Kueny misreads the plain language and misses a nuance of the statute. WISCONSIN STAT. § 968.20(1m)(b) forbids returning weapons to one who "committed" a crime involving their use; it does not require that the defendant be convicted of that crime. Agreeing to a crime being read in at the time of sentencing constitutes an admission of having committed it. *State v. Szarkowitz*, 157 Wis. 2d 740, 753, 460 N.W.2d 819 (Ct. App. 1990).

¶ 12. Our supreme court decided similarly in *Jones v. State*, 226 Wis. 2d 565, 594 N.W.2d 738 (1999), an analogous, though not identical, case. One issue in *Jones* involved WIS. STAT. § 968.20(1), which provides

that seized property is not to be returned if it is "contraband." The supreme court held that if the state sufficiently proves that the seized property is contraband, it need not return the property even if the underlying criminal charges were dismissed or not filed. *Jones,* 226 Wis. 2d at 570, 600. *Jones* shows that a property owner need not be *convicted* of a crime involving the property for § 968.20 to come into play.

¶ 13. The read-in charge, possession of dangerous weapons by one ordered not to possess a firearm, intrinsically involved the use of those dangerous weapons. Therefore, the two elements of (1) commission of a crime (2) involving the same dangerous weapons as those sought to be returned were satisfied.

## CONCLUSION

¶ 14. Kueny possessed the confiscated weapons kept in the commercial storage units. He paid the fees, had access to them, whether or not exercised, and had plans for their disposition. The possession of those "dangerous weapons" and the read-in charge provide sufficient basis under WIS. STAT. § 968.20(1m)(b) for the circuit court's refusal to return the firearm collection to Kueny. We affirm the forfeiture order.

*By the Court.*—Order affirmed.