State of Wisconsin, Plaintiff-Respondent,

v.

Tommy Lee Branch, Defendant-Appellant.

Court of Appeals

*No. 2014AP2515–CR. Submitted on briefs May 20, 2015. —Decided July 1, 2015.*

2015 WI App 65

(Also reported in 869 N.W.2d 542.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kaitlin A. Lamb*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christine A. Remington*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.   Tommy Lee Branch was arrested on December 21, 2009, for attempted burglary. At the time of his arrest, Branch had $583 in cash on his person that was seized by law enforcement. Branch pled no contest to attempted burglary and was sentenced to prison. Branch filed a motion pursuant to

Wɪs. Sᴛᴀᴛ. § 968.20 (2013–14)[1] for the return of his money. The circuit court denied Branch's request and applied the $583 to financial obligations Branch owed on this case.

¶ 2.   On appeal, the State admits that "[t]his court can assume Branch was entitled to the money under Wɪs. Sᴛᴀᴛ. § 968.20 because there is no evidence that it was contraband." Nonetheless, the State asks us to affirm the taking of Branch's personal property on the ground that the circuit court has the "inherent authority to offset judgments." We reverse as a circuit court does not have the inherent authority to take property unassociated with the crime at issue and allocate that property to itself or others solely because the police happened to have seized the unassociated property at the time of arrest.

## BACKGROUND

¶ 3.   Branch was arrested by the Racine County Sheriff's Department for the attempted burglary of a Cousins Subs shop in the village of Mount Pleasant. Branch entered a no contest plea to a charge of attempted burglary of a building or dwelling, as a party to the crime, and was released from custody on a $5000 signature bond. While out on bond, Branch was arrested and taken into custody on criminal charges in various other jurisdictions, which prevented him from returning to Racine county for sentencing and resulted in the forfeiture of his $5000 bond. Following his return to Racine county, Branch was sentenced to two years' imprisonment and two years' extended supervision and ordered to pay $140 in restitution and all

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

outstanding fees and court obligations. The restitution amount was to repay Cousins for damage to its drive-up window from the burglary attempt.

¶ 4.   Postconviction, Branch moved for the return of the cash that had been seized from him during his arrest as it had no connection to his crime and was not needed as evidence in any other pending cases. The court denied Branch's request on the basis that the total amount of outstanding court costs and restitution exceeded the amount seized from Branch and Branch's cash should be applied to those debts. Branch appeals.

## STANDARD OF REVIEW

■

¶ 5.   This appeal requires us to interpret and apply WIS. STAT. § 968.20 to undisputed facts. This presents a question of law that we address de novo. *State v. Perez*, 2001 WI 79, ¶ 12, 244 Wis. 2d 582, 628 N.W.2d 820.

## DISCUSSION

■

¶ 6.   Branch argues that WIS. STAT. § 968.20 entitles him to the return of his $583 in cash. Section 968.20(1) permits a person whose property has been seized by law enforcement to seek return of the property in circuit court. Upon such a request, the statute requires the court to "hold a hearing to hear all claims to [the property's] true ownership." *Id.* If the person is able to establish ownership of the property to the court's satisfaction, then the court "shall order the property, other than contraband or [certain dangerous weapons, firearms, or ammunition] returned" so long

as the property is not needed as evidence. *Id.* As the cash seized from Branch during his arrest for attempted burglary is neither contraband nor needed as evidence or for further investigation, Branch argues that he is entitled to its return.

¶ 7.   Branch contrasts his case from that of *State v. Jones*, 226 Wis. 2d 565, 597–98, 594 N.W.2d 738 (1999), in which the supreme court found that $1783 in cash seized from the defendant was contraband as it was found along with numerous items suggesting that the defendant was involved in the sale of drugs. There is no such link between the cash found on Branch and a possible crime, and the State concedes that there is no evidence that the cash is contraband.

¶ 8.   The State argues that, notwithstanding Branch's ownership of the cash seized in his arrest, the court may apply the cash to Branch's outstanding court debts under its "inherent authority to offset judgments." The State cites to a single source, *Black v. Whitewater Commercial & Savings Bank*, 188 Wis. 24, 205 N.W. 404 (1925), for its argument in favor of permitting this equitable form of relief at a WIS. STAT. § 968.20 proceeding. We are not persuaded by the State's reliance on *Black*. *Black* does not involve a claim under § 968.20, which does not provide for equitable relief. *See City of Milwaukee v. Glass*, 2001 WI 61, ¶¶ 21–23, 243 Wis. 2d 636, 628 N.W.2d 343. Further, the *Black* court upheld the lower court's decision to deny a request that the plaintiff's money being held by a bank be allowed to offset a debt. *Black*, 188 Wis. at 29–30.

■■

¶ 9.   "[A] proceeding under [WIS. STAT.] § 968.20 is a proceeding in rem to determine true ownership of specific property." *Glass*, 243 Wis. 2d 636, ¶ 21. Sec-

tion 968.20(1) requires a court, upon receiving a claim of ownership of seized property, to provide notice to "all persons who have or may have an interest in the property" and to "hold a hearing to hear all claims to its true ownership." Neither the court nor the victim in this case claim to be the true owners of the $583 cash that Branch had on his person when he was arrested. Rather, their position became one of creditors as a result of the prosecution of this case. Nothing in the statute provides a creditor with the right to obtain a debtor's property in a § 968.20 proceeding. We agree that *Jones* controls to the extent that absent a showing by the State that the money seized from Branch is contraband, the property (money) should be returned to Branch.

## CONCLUSION

¶ 10.   The $583 held by Branch on his person the day of his arrest was no different than any other personal property Black had on his person when he was arrested. Had Black been wearing a $200 Stetson hat, a $300 Gucci belt, or a pair of $500 Allen Edmonds shoes, the State would not be allowed to seize those items of personal property and sell them on eBay to pay Branch's debts. Cash is simply a form of personal property. We reverse and remand for an order releasing the $583 to Branch.

*By the Court.*—Order reversed and cause remanded with directions.