COURT OF APPEALS
DECISION
DATED AND FILED

April 8, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP2369-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2021CM173

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

JOSEPH A. WHEAT,

   DEFENDANT-APPELLANT.

        APPEAL from orders of the circuit court for Fond du Lac County: TRICIA L. WALKER, Judge. *Affirmed*.

¶1   GUNDRUM, J.[1]   In connection with their arrest of Joseph A. Wheat for carrying a handgun where alcohol is sold and consumed, bail jumping and disorderly conduct, law enforcement seized a handgun, magazines and bullets. Wheat appeals pro se from orders of the circuit court denying his petition for the sale of the seized property and his postconviction motion seeking authorization to sell the property.

¶2   In May 2023, by counsel, Wheat filed a petition for the sale of seized property pursuant to WIS. STAT. §§ 973.076(6) and 968.20(1).  He requested that a third-party, specifically Tom's Military Arms and Gun Shop in Fond du Lac, WI, be permitted to purchase the handgun, magazines and bullets from Wheat, by "obtain[ing] these items directly from the Fond du Lac Police Department," with the proceeds from the sale going to Wheat.  The State opposed Wheat's petition, asserting that because the handgun, magazines and bullets are dangerous weapons that were "used in the commission of a crime that [Wheat] was found to have committed," § 968.20(1m)(b) does not permit their return to Wheat nor does it contemplate a sale to a third party to benefit Wheat.  Following a hearing, the circuit court denied Wheat's petition.  On June 17 and 19, 2024, the court entered two written orders denying the petition.

¶3   Wheat then filed a pro se postconviction motion, again seeking authorization to sell the handgun, magazines and bullets, but this time not to Tom's Military Arms and Gun Shop but "at auction."  On October 22, 2024, the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.  Wheat filed a motion for a three-judge panel on November 29, 2024.  This court held the motion in abeyance pending the completion of briefing.  Based on our review of Wheat's brief and the record, we conclude that a three-judge panel is not necessary, and therefore, the motion is denied.

circuit court denied the motion, and Wheat filed a notice of appeal. We previously determined we have jurisdiction to review the court's three written orders.[2]

¶4    Although Wheat's brief is not entirely clear, he appears to assert that WIS. STAT. § 968.20(1m)(b) does not bar the sale of the handgun, magazines and bullets because they were not used in the commission of the crime of carrying a handgun where alcohol is sold and consumed. He contends they "can be best described as *indirectly realized*, rather than '*used*' in the commission of the crime."

¶5    WISCONSIN STAT. § 968.20(1) "permits a person whose property has been seized by law enforcement to seek return of the property in circuit court." ***State v. Branch***, 2015 WI App 65, ¶6, 364 Wis. 2d 582, 869 N.W.2d 542. If the seized property is a dangerous weapon or ammunition, as here, § 968.20(1m)(b) provides that it "shall not be returned to any person who committed a crime involving the use of the dangerous weapon or the ammunition."[3] "[T]he phrase 'use of the dangerous weapon' in … § 968.20(1m)(b) extends beyond the active use of a weapon and includes 'conscious possession with an ability to use.'"

---

[2] Wheat filed two motions for postconviction relief—the one we address here and a second one concerning his liability for attorney fees and arguing ineffective assistance of counsel. By order dated January 22, 2025, we concluded we had jurisdiction to review the circuit court orders entered on June 17, 2024, June 19, 2024, and October 22, 2024, all addressing whether Wheat could sell the seized property. Because it did not appear that the court had decided the second postconviction motion by written order, we indicated that it was not a part of this appeal. Despite this, Wheat's brief addresses his liability for attorney fees and his claims of ineffective assistance of counsel. Because these issues are not a part of this appeal, we do not address them any further.

[3] Moreover, if the seized property is a firearm, it cannot be returned to a person "prohibited from possessing a firearm under state or federal law." WIS. STAT. § 968.20(1m)(d)1. Wheat does not dispute that because he has been convicted of a felony, he is prohibited from possessing a firearm.

*Leonard v. State*, 2015 WI App 57, ¶16 n.6, 364 Wis. 2d 491, 868 N.W.2d 186 (citing *State v. Perez*, 2001 WI 79, ¶¶24-30, 244 Wis. 2d 582, 628 N.W.2d 820). Here, Wheat consciously possessed the handgun, magazines and bullets with an ability to use them, and as our supreme court stated in *Perez*, "[a] person convicted of carrying a [handgun where alcohol is sold and consumed, contrary to WIS. STAT. § 941.237,] has 'committed a crime involving the use of the dangerous weapon,' because 'the use' of the dangerous weapon is an indispensable element of a [§ 941.237] offense." *See Perez*, 244 Wis. 2d 582, ¶61.

¶6      Wheat also maintains that WIS. STAT. § 968.20(1m)(b) does not bar the sale of the handgun, magazines and bullets for his benefit because the charge of carrying a handgun where alcohol is sold and consumed was only read in; he was not convicted of it. Wheat is mistaken. As we have previously stated, "[a]greeing to a crime being read in at the time of sentencing constitutes an admission of having committed it." *State v. Kueny*, 2006 WI App 197, ¶11, 296 Wis. 2d 658, 724 N.W.2d 399.

¶7      To the extent Wheat relies on WIS. STAT. § 973.076 in support of his assertion that the handgun, magazines and bullets can be sold for his benefit, that reliance is misplaced. Because the State did not "initiate a forfeiture action," Wheat is "limited to the procedures provided under WIS. STAT. § 968.20," *see Jones v. State*, 226 Wis. 2d 565, 586, 594 N.W.2d 738 (1999), and § 968.20 does not allow for or contemplate the selling of seized property to a third party, whether at auction or otherwise, to benefit the property owner.

¶8      Wheat has not met his burden to show us that the circuit court erred. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 ("[O]n appeal 'it is the burden of the appellant to demonstrate that the [circuit]

court erred.'" (second alteration in original; citation omitted)). Therefore, we affirm the orders of the court denying his petition for sale of seized property and his postconviction motion seeking authorization to sell the seized property.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.