IN RE the RETURN OF PROPERTY IN STATE V. Sammie L. GLASS:

CITY OF MILWAUKEE, Appellant,

v.

Sammie L. GLASS, Respondent.†

Court of Appeals

*No. 99–2389. Submitted on briefs August 1, 2000.—Decided October 3, 2000.*

## 2000 WI App 252

(Also reported in 620 N.W.2d 213.)

†Petition to review granted.

On behalf of the appellant, the cause was submitted on the brief of *Grant Langley*, city attorney, and *David J. Stanosz*, assistant city attorney.

On behalf of the respondent, the cause was submitted on the brief of *Sammie L. Glass*.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. CURLEY, J. The City of Milwaukee appeals the trial court's order granting Sammie Glass a money judgment, after Glass established at a hearing held pursuant to WIS. STAT. § 968.20,[1] that the property seized at the time of his arrest had been mistakenly returned to a third party. Because § 968.20 does not authorize the trial court to grant a money judgment

---

[1] All references to the Wisconsin Statutes is to the 1997–98 version unless otherwise noted.

when seized property is missing or has been mistakenly returned to a third party, we reverse.

## I. BACKGROUND.

¶ 2.  Glass was arrested by the Milwaukee police and charged with receiving stolen property, contrary to WIS. STAT. § 943.34. In connection with the arrest, the police seized a sizable quantity of copper wire and scrap metal from Glass's residence. Later, the police contacted a party who the police believed to be the lawful owner of the scrap metal, and released the scrap metal to this person.

¶ 3.  In March 1998, Glass was acquitted of the charge of receiving stolen property by a jury. Later, in September 1998, using the case number of his criminal charge, Glass filed a petition, pursuant to WIS. STAT. § 968.20, seeking the return of the copper wiring and other scrap materials seized by the police. The trial court held two hearings on the matter. Following the second hearing, the trial court declared that the seizure of the property by the police constituted a "gratuitous bailment." After valuing the property at $1,606.80, the trial court awarded Glass a judgment for $1,606.80, together with both prejudgment and postjudgment interest, because the Milwaukee Police Department no longer had the property. The City appeals.

## II. ANALYSIS.

■

¶ 4.  This matter requires us to interpret WIS. STAT. § 968.20. Statutory interpretation presents a question of law that this court decides *de novo*. *See Spence v. Cooke*, 222 Wis. 2d 530, 536, 587 N.W.2d 904 (Ct. App. 1998).

¶ 5.   Our goal in statutory interpretation is to discern and to give effect to the intent of the legislature. *State v. Cardenas-Hernandez*, 219 Wis. 2d 516, 538, 579 N.W.2d 678 (1998).

> To achieve this goal, we first look to the plain language of the statute. If a statute is unambiguous, this court will apply the ordinary and accepted meaning of the language of the statute to the facts before it. If a statute does not clearly set forth the legislative intent, we then look to the scope, history, context, subject matter, and object of the statute.

*Jones v. State*, 226 Wis. 2d 565, 574, 594 N.W.2d 738 (1999) (citations omitted), *cert. denied*, 120 S. Ct. 995 (2000). We are satisfied that the intent of the legislature in passing WIS. STAT. § 968.20 was to authorize the return of seized property and nothing more. Thus, the court cannot grant a money judgment to the rightful owner when the property is missing or mistakenly returned to another.

¶ 6.   WISCONSIN STAT. § 968.20(1) allows a person claiming the right to possession of property seized with or without a search warrant to seek the property's return in the circuit court for the county in which the property was taken. The statute reads in pertinent part:

> **(1)**   Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized or where the search warrant was returned. The court shall order such notice as it deems adequate to be given the district attorney and all persons who have or

may have an interest in the property and shall hold a hearing to hear all claims to its true ownership. If the right to possession is proved to the court's satisfaction, it shall order the property, other than contraband or property covered under sub. (1m) or (1r) or s. 951.165. . . .

¶ 7.    We determine that the statute is unambiguous. Thus, we are required to give the statutory language its ordinary and accepted meaning. Giving it its ordinary and accepted meaning, the statute simply directs the trial court to return seized property to its rightful owner, unless the property is a dangerous weapon belonging to a person who committed a crime, contraband, or property needed for evidence or further investigation. The trial court's duties under the statute are limited. The trial court is required to give notice to all interested persons and to hold a hearing to ascertain the true owner. If, at the hearing, the trial court is satisfied that a person has "the right to possession," then, unless the property falls within several exceptions not relevant here, the trial court "shall order the property returned." Clearly, the statute's purpose is to permit the swift return of seized property to the proper owner when the property is no longer needed by law enforcement personnel.

¶ 8.    We also note that the statute is found in the chapter entitled "Commencement of Criminal Proceedings." Thus, the legislature's passage of the bill created a criminal, not a civil, remedy.

¶ 9.    Further, contrary to the trial court's conclusion, we can glean nothing from WIS. STAT. § 968.20 that states or implies that when property is missing or has been mistakenly returned to someone else, the trial court can grant the owner a money judgment. The wording of the statute does not permit such an inter-

pretation, and had the legislature intended to provide such a remedy, it would have done so.

■

¶ 10.  Moreover, long-standing case law directs that a money judgment cannot be obtained against a city unless a required notice of claim has been filed pursuant to WIS. STAT. § 893.80. "No action may be brought or maintained against a city upon a claim or cause of action unless the claimant complies with s. 893.80." WIS. STAT. § 62.25(1); *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 49, 357 N.W.2d 548 (1984). Section 893.80(1)(a) provides:

> (1)  Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any . . . governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:
>
> (a)  Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11.

The vitality of this rule was recently reaffirmed in *City of Racine v. Waste Facility Siting Bd.*, 216 Wis. 2d 616, 575 N.W.2d 712 (1998). "The plain language of the statute and case law dictate that compliance with [§ 893.80(1)] is a necessary prerequisite to all actions, including counterclaims, brought against governmental subdivisions. Other statutes provide some exceptions to the application of [§ 893.80(1)], but we

378

are not persuaded that this case presents one of the exceptions." *Id.* at 619.

¶ 11.   Glass has filed no notice of claim. WISCON-SIN STAT. § 968.20 does not create an exception to the general rule enunciated in WIS. STAT. § 893.80. Consequently, the trial court erred in granting Glass a money judgment under this statute.

*By the Court.*—Order reversed and cause remanded with directions.

¶ 12.   SCHUDSON, J. *(dissenting).* Although I agree with the majority's statement of the parameters of WIS. STAT. § 968.20, I conclude, in light of the trial court proceedings, that the inflexible application of that statute elevates form over substance and renders an absurd result.

¶ 13.   In the trial court, the assistant city attorney, opposing Glass's motion for the return of property, argued:

> If this court is going to impose upon the City the potential financial liability as to paying monetary terms of value of the property, certainly the City ought to then be allowed to pursue civil discovery, state their [sic] positions, make inquiries, submit written interrogatories to Mr. Glass in an effort to identify . . . the dollar amounts, and determine just what the value of what was seized, [sic] was taken. And that is consistent with the court's classification of these proceedings.

Responding to the City's concerns, the trial court then granted the City time "to determine what the valuation is on it, and to take whatever discovery [the City] want[s]." The court then granted an additional thirty days "to get anybody joined that [the City] want[s],"

and yet another thirty days "after that because . . . that may screw up the thing a little more." The court then scheduled a hearing in "about 120 days."

¶ 14. *The City did not object.* After all, the trial court granted the City all the time and procedural opportunities it requested. Although the City now argues that the court fashioned a remedy that was not available under WIS. STAT. § 968.20, the City does not argue that it was prejudiced, or that it was denied any right it would have enjoyed had Glass formally proceeded under WIS. STAT. § 893.80.

¶ 15. The trial court, satisfied that the City had improperly given Glass's property to a third party, expedited this case so that neither Glass nor the City would be further inconvenienced by a separate action. In doing so, the trial court granted all the City's requests. Glass and the City both benefited from the court's fair and expeditious approach. The trial court, no doubt, will be puzzled by the majority's decision and Glass, a *pro se* litigant, will be amazed that this court casts him back into a legal maze.

¶ 16. Accordingly, I respectfully dissent.