IN RE the RETURN OF PROPERTY IN STATE V. Sammie L. GLASS:

CITY OF MILWAUKEE, Appellant,

v.

Sammie L. GLASS, Respondent-Petitioner.

Supreme Court

*No. 99–2389. Oral argument May 1, 2001.—Decided June 13, 2001.*

2001 WI 61

(Also reported in 628 N.W.2d 343.)

For the respondent-petitioner there were briefs by *George P. Kersten, Leslie Van Buskirk* and *Kersten & McKinnon, S.C.*, Milwaukee, and oral argument by *George P. Kersten* and *Leslie M. Van Buskirk*.

For the appellant there was a brief and oral argument by *David J. Stanosz*, assistant city attorney, with whom on the brief was *Grant F. Langley*, city attorney.

¶ 1.   SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.   This is a review of a published decision of the

court of appeals[1] reversing an order of the Circuit Court for Milwaukee County, Dennis P. Moroney, Circuit Court Judge. The order of the circuit court awarded the plaintiff, Sammie L. Glass, $1,606.80 in response to his petition for the return of property seized from him by the Milwaukee Police Department. The plaintiff's petition for the return of property seized from him was filed pursuant to Wis. Stat. § 968.20 (1997–98).[2] The City of Milwaukee appealed the order, contending that § 968.20, providing for the return of seized property, does not authorize a circuit court to award monetary damages against the City when the City cannot return the seized property because it no longer has possession of the seized property. The court of appeals reversed the order of the circuit court, and the plaintiff now seeks review in this court.

¶ 2. We affirm the decision of the court of appeals, concluding that Wis. Stat. § 968.20 does not authorize a circuit court to award monetary damages against the City when the City cannot return the seized property because it no longer has possession of the seized property.

I

¶ 3. The relevant facts of this case are not in dispute. On March 20, 1996, the Milwaukee police arrived at the plaintiff's garage to investigate a complaint of theft from a construction site. Inside the garage, the officers found property they believed to be stolen, including copper wire, copper roofing nails, and other

---

[1] *In re the Return of Property in State v. Sammie L. Glass: City of Milwaukee v. Sammie L. Glass*, 2000 WI App 252, 239 Wis. 2d 373, 620 N.W.2d 213.

[2] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

scrap metal. They arrested the plaintiff for the crime of receiving stolen property and seized the property believed to have been stolen.

¶ 4. On March 11, 1998, at the close of the State's criminal proceedings against the plaintiff, the circuit court dismissed the criminal charges against the plaintiff. On September 17, 1998, in accordance with Wis. Stat. § 968.20, the plaintiff filed a petition for the return of the property seized from his garage.

¶ 5. The plaintiff represented himself at the hearing on the petition on October 26, 1998. At the hearing, the City requested additional time to document what police had done with the property. The attorney for the City suggested that the City no longer had possession of the property because the officers had turned the property over to a third person, whom they believed to be the rightful owner. The circuit court scheduled a second hearing to establish what the City had done with the property at issue. The circuit court further stated that it was treating the case as a bailment situation and that the plaintiff should establish the fair market value of the property, for which the City would be liable.

¶ 6. At the second hearing, on December 4, 1998, the City took the position that the plaintiff had failed to establish that the City ever had possession of the property. The inventory number that the plaintiff had provided on the petition form did not correspond to the property described. The circuit court asked the plaintiff if he had a receipt for the seized property, but the plaintiff stated that the officers had not provided a receipt. Instead, the plaintiff offered photographs of the property that he alleged had been provided to his attorney by the City police. The City denied that the police had taken these photographs. The City further

639

contended that it could not be liable for the fair market value of the property, because Wis. Stat. § 968.20 does not provide for monetary damages as a remedy for failure to return the seized property.

¶ 7.  At a third hearing, on January 15, 1999, the plaintiff offered an amended inventory number that corresponded to the property described. In addition, the plaintiff's attorney for the criminal case testified that the City police had indeed taken the photographs in question, as the plaintiff had asserted.

¶ 8.  The City then conceded that the officers had seized the property but moved to dismiss the petition on the grounds that the City no longer had possession of the property. It again argued that Wis. Stat. § 968.20 only authorizes a circuit court to order the return of seized property and does not authorize a circuit court to award monetary damages for failure to return the seized property. In addition, the City argued that the plaintiff failed to comply with the notice of claim provisions of Wis. Stat. § 893.80(1)(b).[3]

¶ 9.  Alternatively, the City requested additional time to review the amended inventory number, to

[3] The parties have also raised the issue regarding the applicability of the notice of claim statute, Wis. Stat. § 893.80, in this court. Because we conclude that Wis. Stat. § 968.20 does not allow a circuit court to award monetary damages, we need not address the application of Wis. Stat. § 893.80.

We also need not address whether a circuit court should proceed to determine ownership under Wis. Stat. § 968.20 when the person in possession of the property has not been notified of the proceedings. The sole issue in this case is whether Wis. Stat. § 968.20 authorizes a circuit court to award monetary damages when seized property is no longer in the possession of the entity that seized it. The plaintiff does not seek a determination regarding the ownership of the property. Accordingly, this question is not before us.

implead third parties, and to conduct discovery. The circuit court denied the City's motion to dismiss but allowed the City 120 days to implead third parties and to conduct discovery.

¶ 10.   At the final hearing, on May 14, 1999, the circuit court awarded the plaintiff $1,606.80, which the plaintiff established as the fair market value of the property seized.

¶ 11.   The City appealed, and the court of appeals reversed the order of the circuit court. Over a dissent by Judge Charles B. Schudson, the court of appeals concluded that Wis. Stat. § 968.20 contemplates only a return of seized property and does not authorize a circuit court to award monetary damages for failure to return the seized property.[4] Judge Schudson dissented, arguing that the majority decision placed form over substance and led to an absurd result.

## II

¶ 12.   The issue before this court is whether Wis. Stat. § 968.20 authorizes a circuit court to award a plaintiff the fair market value of seized property when the City no longer has possession of the seized property.

¶ 13.   The relevant portions of Wisconsin Stat. § 968.20, entitled "Return of property seized," provide:

> (1)   Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized or where the search war-

---

[4] The court of appeals further held that a monetary judgment against the City was barred because the plaintiff had not filed a notice of claim, as required by Wis. Stat. § 893.80.

rant was returned. The court shall order such notice as it deems adequate to be given the district attorney and all persons who have or may have an interest in the property and shall hold a hearing to hear all claims to its true ownership. If the right to possession is proved to the court's satisfaction, it shall order the property, other than contraband or property covered under sub. (1m) or (1r) or s. 951.165, returned if:

(a) The property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or

(b) All proceedings in which it might be required have been completed.

¶ 14. The parties' dispute centers on the nature of the action authorized by Wis. Stat. § 968.20. The plaintiff contends that Wis. Stat. § 968.20 creates a civil cause of action, allowing a circuit court to exercise its full equitable powers to do complete justice between the parties. In contrast, the City contends that Wis. Stat. § 968.20 is an in rem proceeding. The City urges that a circuit court has jurisdiction over seized property, but not personal jurisdiction over the parties, and that without personal jurisdiction over the City, a circuit court cannot award money damages to a person whose property was seized.

¶ 15. Accordingly, we must determine whether Wis. Stat. § 968.20 establishes an in personam action, as the plaintiff's arguments suggest, or an in rem action, as the City contends. Two factors lead us to conclude that § 968.20 contemplates an in rem action.

¶ 16. First, we consider the aims and objects of the action to determine whether it is in rem or in personam in nature and character. An in personam action is directed against specific persons and seeks a judg-

ment to be enforced personally against the defendant. An in rem action is directed against the property and seeks a judgment as against the world with respect to the property that is the subject of the action.[5] Section 968.20 appears to describe an in rem action in that it authorizes a circuit court to determine the ownership of seized property and order its return.

¶ 17. Second, we consider the procedure set forth in Wis. Stat. § 968.20. Actions in rem are procedurally distinct from actions in personam. Chapter 801 of the statutes, entitled "Civil Procedure—Commencement of Action and Venue," sets forth different procedural requirements for the two types of actions. In an in personam action, one or more jurisdictional grounds set forth in the statutes must exist and a defendant must be served with a summons in order for a court to render a judgment against a party personally.[6] In contrast, in rem jurisdiction may be invoked when the subject of an action is personal property in which a defendant has an interest, and a notice of the action is served on the defendant pursuant to the statutes.[7]

¶ 18. The explicit purpose of § 968.20(1) is to hear all claims to the true ownership of property seized under certain conditions. A circuit court is required "to order such notice as it deems adequate to be given the district attorney and all persons who have or may have an interest in the property." Wis. Stat. § 968.20(1). Section 968.20 does not set forth grounds for personal jurisdiction over the parties and does not provide for a judgment against any defendant personally. Section

[5] *See Delta Fish and Fur Farms, Inc. v. Pierce*, 203 Wis. 519, 530–31, 234 N.W. 881 (1931); *State ex rel. Atkinson v. McDonald*, 108 Wis. 8, 14, 84 N.W. 171 (1900).

[6] Wis. Stat. (Rule) § 801.04(2).

[7] *See* Wis. Stat. (Rules) §§ 801.04(3); 801.07(1); 801.12.

968.20 thus does not seem to describe an in personam action.

¶ 19.   Considering the aims and objects of a Wis. Stat. § 968.20 action and the procedure set forth in Wis. Stat. § 968.20, we conclude that Wis. Stat. § 968.20 establishes an in rem proceeding. The court reached this same conclusion in a recent case.[8]

¶ 20.   We now turn to whether the plaintiff may obtain monetary damages from the City in this proceeding under Wis. Stat. § 968.20. He cannot. Wisconsin Stat. § 968.20 does not expressly state that a circuit court may award monetary damages if seized property is not returned. Furthermore, the circuit court did not obtain personal jurisdiction over the City in accordance with the statutes governing civil actions, a prerequisite for awarding monetary damages against the City.[9]

¶ 21.   We have concluded that a proceeding under § 968.20 is a proceeding in rem to determine true ownership of specific property. A judgment in an in rem proceeding is valid only against the specific property and not against a defendant or a defendant's other assets.[10]

¶ 22.   The plaintiff urges this court to read broader equitable powers into the statute. He contends, as did Judge Schudson's dissent, that the court of appeals elevated form over substance. Moreover, he contends that this result is contrary to the legislative intent behind Wis. Stat. § 968.20, which was to provide

---

[8] *See Jones v. State*, 226 Wis. 2d 565, 595, 594 N.W.2d 738 (1999) (stating that Wis. Stat. § 968.20 is an in rem action).

[9] *See* Wis. Stat. (Rule) § 801.04(2).

[10] *See* Wis. Stat. (Rules) §§ 801.04(3) and 801.07; *see also* Edwin E. Bryant, 1 *Callaghan's Wisconsin Pleading and Practice* § 6.12, at 467 (4th ed. 1997).

a simplified means of recovery for seized property that is no longer needed as evidence in criminal proceedings. In particular, the plaintiff highlights the inequity that arises when an individual whose seized property has been disposed of in an unauthorized manner is denied the benefit of a simplified means of recovery.

■

¶ 23.  While the plaintiff's arguments regarding fairness are persuasive, these arguments do not allow this court to transform an in rem proceeding into an in personam proceeding in order to achieve a more fair result. This court cannot confer upon a circuit court jurisdiction that the circuit court does not possess by law.[11]

¶ 24.  Courts have personal jurisdiction only to the extent authorized by Chapter 801. Wisconsin Stat. (Rule) § 801.04(2) provides that a court:

> may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in s. 801.05 or 801.06 and in addition either:
>
> (a)   A summons is served upon the person pursuant to s. 801.11; or
>
> (b)   Service of a summons is dispensed with under the conditions in s. 801.06.

¶ 25.  No summons was served on the City of Milwaukee in this action. Instead, Wis. Stat. § 968.20 authorized the circuit court to proceed "with such notice as it deems adequate." Although Wis. Stat. (Rule) § 801.06 allows a court to exercise personal jurisdiction over a defendant who has waived the

---

[11] *See Defiance Mach. Works v. Gill*, 170 Wis. 477, 486–87, 175 N.W. 940 (1920).

affirmative defense of lack of jurisdiction over his or her person, Wis. Stat. (Rule) § 801.06 specifically provides:

> An appearance to contest the basis for in rem. . .jurisdiction under s. 802.06 (2)(a) 3. without seeking any other relief does not constitute an appearance within the meaning of this section.

¶ 26.  We turn to the transcripts of each hearing to determine whether the City has waived its right to contest personal jurisdiction. In the first hearing, the City requested additional time to clarify the basis for in rem jurisdiction under Wis. Stat. § 968.20, namely, to determine whether the City had possession of the property in question at the time of the proceeding. At each of the next three hearings, the City contested the circuit court's authority to award monetary damages after the City had established that it no longer had possession of the property. Thus, we conclude that the circuit court did not gain personal jurisdiction over the City of Milwaukee by virtue of its appearances in this matter.

¶ 27.  In affirming the court of appeals, we pay heed to Judge Schudson's dissent, which noted that the plaintiff, "a pro se litigant, will be amazed that this court casts him back into a legal maze." However, we can discern no alternative under Wis. Stat. § 968.20, which sets forth a simplified means for returning seized property. Section 968.20 rests on the assumption that a person who seizes property will retain possession of the seized property. Indeed, this assumption would be in keeping with Wis. Stat. § 968.19, entitled "Custody of property seized," which requires seized property to be safely kept. Section 968.19 provides:

Property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer, who may leave it in the custody of the sheriff and take a receipt therefor, so long as necessary for the purpose of being produced as evidence on any trial.

¶ 28. Although we are sympathetic to the plaintiff's contention that an individual whose property has been seized should not be denied a simplified remedy merely because authorities have unlawfully disposed of the property, we conclude that it is for the legislature, not the courts, to create that simplified remedy.

¶ 29. For the reasons set forth, we affirm the decision of the court of appeals, which reversed the order of the circuit court.

*By the Court.*—The decision of the court of appeals is affirmed.