# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 11, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP30**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021TP2

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO B.J.L.,
A PERSON UNDER THE AGE OF 18:

PORTAGE COUNTY DEPARTMENT OF HEALTH & HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

A. K.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Portage County: PATRICIA BAKER, Judge. *Affirmed*.

¶1     NASHOLD, J.[1]  A.K. appeals an order voluntarily terminating her parental rights.  A.K. argues that the circuit court lacked personal jurisdiction over her.  I disagree and accordingly affirm.

## BACKGROUND

¶2     In 2018, A.K.'s child B.J.L. was adjudged in need of protection or services (CHIPS).  In 2021, the Portage County Department of Health & Human Services filed a petition to terminate A.K.'s parental rights (TPR) on the grounds of abandonment and continuing CHIPS.  *See* WIS. STAT. § 48.415(1)(a)2., (2).  Attorney Patrick Arendt, A.K.'s counsel in the CHIPS action and other matters, filed an admission of service stating that he had accepted the TPR summons and petition on A.K.'s behalf.  Attorney Arendt withdrew as A.K.'s attorney shortly thereafter, and Attorney Karen Lueschow was appointed to represent A.K. in the TPR action.

¶3     A.K., personally and with Attorney Lueschow, participated in the TPR action over the next six months, as follows.  A.K. made an initial appearance and was advised of her rights; further matters were adjourned so that publication service as to the father could be completed.  At her next appearance, A.K. was again advised of her rights, contested the petition, and requested a jury trial.  The parties exchanged discovery and participated in status conferences and a final pretrial hearing.  Shortly after the final pretrial hearing, A.K. agreed to voluntarily terminate her parental rights.  At the hearing on this matter, A.K. consented to the TPR, and the circuit court found that the consent was informed and voluntary.  *See*

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

WIS. STAT. § 48.41(2)(a) (the circuit court must be "satisfied that the consent is informed and voluntary"). Following the dispositional hearing, the court entered a final order terminating A.K.'s parental rights.

¶4     A.K. appealed.  On A.K.'s motion, this court remanded for an evidentiary hearing on the issue of whether the circuit court had personal jurisdiction over A.K.  *See* WIS. STAT. RULE 809.107(6)(am) (this court may retain jurisdiction over the appeal and remand for postjudgment fact-finding).  On remand, A.K. argued that Attorney Arendt could not legally accept service of the summons and petition on A.K.'s behalf and, accordingly, that the circuit court lacked personal jurisdiction over her.  Following an evidentiary hearing, the court determined that service was proper because Attorney Arendt was acting as A.K.'s authorized agent and, in any event, that A.K. had waived the defense of lack of personal jurisdiction by not timely raising the defense and participating in the action.  A.K. challenges this ruling on appeal.

## DISCUSSION

¶5     Circuit courts "have personal jurisdiction only to the extent authorized by [WIS. STAT. ch.] 801." *City of Milwaukee v. Glass*, 2001 WI 61, ¶24, 243 Wis. 2d 636, 628 N.W.2d 343.  WISCONSIN STAT. § 801.04 provides:

> **(2)** PERSONAL JURISDICTION.  A court of this state having jurisdiction of the subject matter may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in [WIS. STAT. §] 801.05 or 801.06 and in addition either:
>
> **(a)** A summons is served upon the person pursuant to [WIS. STAT. §] 801.11;[2] or

---

[2] WISCONSIN STAT. § 801.11 sets forth the manner of serving the summons.

**(b)** Service of a summons is dispensed with under the conditions in [§] 801.06.

¶6 This opinion concerns the operation of WIS. STAT. § 801.06. Pursuant to that statute, a court having subject-matter jurisdiction may exercise personal jurisdiction "without a summons having been served … over any person who appears in the action and waives the defense of lack of [personal] jurisdiction … as provided in [WIS. STAT. §] 802.06(8)." *See* § 801.06; *see also **Glass***, 243 Wis. 2d 636, ¶25. Section 802.06(8), in turn, provides that the personal jurisdiction defense is waived "only if": (1) "[t]he defense is omitted from a motion [consolidating defenses]"; or (2) "[t]he defense is neither made by motion under [§ 802.06] nor included in a responsive pleading." *See* § 802.06(8)(a); *see also **Artis-Wergin v. Artis-Wergin***, 151 Wis. 2d 445, 452-53, 444 N.W.2d 750 (Ct. App. 1989) (discussing the operation of §§ 801.06 and 802.06(8)(a)).[3]

¶7 Whether a defendant waived the defense of lack of personal jurisdiction under WIS. STAT. § 802.06(8)(a), and whether WIS. STAT. § 801.06 confers personal jurisdiction over a defendant, are questions of law that this court determines de novo. *See **Dietrich v. Elliot***, 190 Wis. 2d 816, 824, 528 N.W.2d 17 (Ct. App. 1995).

---

[3] The rules of civil procedure apply to "all civil actions and special proceedings"—including TPR actions under WIS. STAT. ch. 48—"except where different procedure is prescribed by statute or rule." *See* WIS. STAT. § 801.01(2); *see also **Steven V. v. Kelley H.***, 2004 WI 47, ¶32, 271 Wis. 2d 1, 678 N.W.2d 856. The parties point to no provisions within ch. 48 that govern how the defense of lack of personal jurisdiction shall be raised or waived. Rather, the parties agree that the rules of civil procedure control. My nonexhaustive research does not reveal any statute or rule that clearly supplants the rules of civil procedure by specifically addressing how the defense of lack of personal jurisdiction shall be raised or waived in a TPR proceeding. I note that WIS. STAT. § 48.42(4)(a) provides that "[s]ervice of summons is not required if the party submits to the jurisdiction of the court," but this statute does not set forth the mechanism of waiver and, accordingly, appears to work in tandem with WIS. STAT. §§ 801.06 and 802.06(8). Consequently, this opinion applies the rules of civil procedure.

¶8    A.K. never raised the defense of lack of personal jurisdiction in a motion or responsive pleading under WIS. STAT. § 802.06. *See* § 802.06(8)(a). A.K., moreover, does not dispute that she "appeared" in this action within the meaning of WIS. STAT. § 801.06. A.K. nonetheless argues that § 801.06 does not confer personal jurisdiction because her "participation in the proceedings was based on the mistaken belief that she was properly served." But A.K. cites no legal authority supporting her assumption that the personal jurisdiction defense cannot be mistakenly waived, or that § 801.06 cannot apply where the defendant's appearance hinges on a mistake. Instead, A.K. summarily argues, "[A]s under the Fruit of the Poisonous Tree Doctrine borrowed from criminal law, her participation cannot be construed as having submitted herself to the jurisdiction of the Court because of the original taint of defective service." I do not further address a position that is unsupported by the text of §§ 801.06 and 802.06(8)(a) and that does not rely on any relevant case law. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (this court may decline to review issues inadequately briefed or unsupported by legal authority).

¶9    A.K. further argues that her actual notice of the TPR action was insufficient to confer personal jurisdiction. *See **Johnson v. Cintas***, 2012 WI 31, ¶43, 339 Wis. 2d 493, 811 N.W.2d 756 ("actual notice alone is not enough to confer jurisdiction upon the court"; rather, "[s]ervice must be made in accordance with the manner prescribed by statute"). In addition, A.K. argues that orders entered without personal jurisdiction over the defendant are void. *See **Waukesha County v. S.L.L.***, 2019 WI 66, ¶13, 387 Wis. 2d 333, 929 N.W.2d 140 ("'Personal jurisdiction' embodies the court's power over a party, without which it can enter no valid judgment."). These correct statements of the law, however, do not control where the defendant waived the defense of lack of personal jurisdiction

and appeared in the action, as indisputably occurred here. *See* WIS. STAT. §§ 801.06, 802.06(8); *see also* WIS. STAT. § 48.42(4)(a) ("Service of summons is not required if the party submits to the jurisdiction of the court."); ***Artis-Wergin***, 151 Wis. 2d at 452-53.[4]

¶10 I conclude that the circuit court had personal jurisdiction over A.K. in this action. Accordingly, I affirm the TPR order.[5]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] Because I conclude that WIS. STAT. § 801.06 confers personal jurisdiction over A.K., I do not reach the parties' arguments as to whether service of the summons and petition was proper. *See **Barrows v. American Fam. Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

[5] A.K.'s statement of the case in her brief-in-chief does not include any citation to the appellate record, as required under WIS. STAT. RULE 809.19(1)(d). Moreover, A.K.'s reply brief does not comply with the page limit and pagination requirements of RULE 809.19(8)(bm), (c)2. I remind A.K.'s counsel that failure to follow the rules of appellate procedure may be grounds for sanctions. *See* WIS. STAT. RULE 809.83(2).