**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 13, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1572-FT**

STATE OF WISCONSIN

Cir. Ct. No. **2024CV239**

IN COURT OF APPEALS
DISTRICT IV

---

LSGT SERVICES LLC,

    PETITIONER-APPELLANT,

 V.

COUNTY OF WOOD,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Wood County: NICHOLAS J. BRAZEAU, JR., Judge. *Affirmed*.

Before Blanchard, Nashold, Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. LSGT Services LLC, doing business as Coinhub ("Coinhub"), appeals a circuit court order dismissing its petition for the return of

$20,000 that the Wood County Sheriff's Department seized from a bitcoin automated teller machine ("ATM") operated by Coinhub. For the reasons stated below, we affirm.

## BACKGROUND

¶2 The relevant facts are undisputed. Coinhub operates bitcoin ATMs across the country. Coinhub's ATMs allow customers to pay cash in exchange for the cryptocurrency bitcoin. A customer inserts cash into a Coinhub ATM, and the ATM transfers bitcoin to a digital wallet identified by the customer. Customers are required to confirm that they are the sole owners of the digital wallets to which the bitcoin will be transferred, and purchases and transfers made through Coinhub's ATMs are final and cannot be reversed.

¶3 In April 2024, an individual, S.A., was scammed into paying $20,000 cash at a Coinhub ATM and transferring the bitcoin into the digital wallet of the unknown scammer. A deputy from the Wood County Sherriff's Department obtained a search warrant authorizing the seizure of $20,000 in cash from the Coinhub ATM that S.A. had used. The warrant stated that the $20,000 might constitute evidence of theft by fraud in violation of WIS. STAT. § 943.20(1)(d).[1]

¶4 Coinhub filed a petition in the circuit court pursuant to WIS. STAT. § 968.20 for the return of the $20,000 that had been seized. Wood County responded by informing Coinhub and the court that the Wood County Sheriff's Department had turned over the $20,000 to S.A. The County did not take a position on whether Coinhub had a right to the return of the $20,000, but the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version.

County argued that because it no longer possessed the $20,000, Coinhub had no right of recovery against the County under § 968.20. In support of this argument, the County relied on *City of Milwaukee v. Glass*, 2001 WI 61, 243 Wis. 2d 636, 628 N.W.2d 343.

¶5 The circuit court held a hearing, at which it denied Coinhub's petition for the return of the $20,000 and dismissed the action.[2] As we explain in greater detail below, the court did so based on its interpretation of *Glass*.

¶6 Coinhub appeals.[3]

## DISCUSSION

¶7 The sole question on appeal is whether the circuit court, based on *Glass*, improperly dismissed Coinhub's petition for the return of the $20,000 to Coinhub pursuant to WIS. STAT. § 968.20. We conclude that, consistent with *Glass*, the court properly dismissed Coinhub's action under § 968.20.

¶8 WISCONSIN STAT. § 968.20(1) states in relevant part, "Any person claiming the right to possession of property … seized pursuant to a search warrant … may apply for its return to the circuit court for the county in which the property was seized …." Section 968.20(1g) states, "The court shall hold a hearing to hear

---

[2] Only Coinhub and the County were represented at the hearing. At the beginning of the hearing, counsel for the County informed the circuit court that counsel had spoken with S.A. and that S.A. would not be present.

[3] In an August 14, 2024 order, the court placed this case on the expedited appeals calendar, and the parties have submitted memo briefs. *See* WIS. STAT. RULE 809.17. Briefing was complete on November 4, 2024.

all claims to its true ownership.... If the right to possession is proved to the court's satisfaction, it shall order the property … returned …."[4]

¶9 In *Glass*, the Milwaukee police went to Glass's garage to investigate a complaint of theft from a construction site. *Glass*, 243 Wis. 2d 636, ¶3. Inside the garage, officers observed property that they believed to be stolen, and they arrested Glass and seized the property. *Id.* After the State's criminal charges against Glass were dismissed, Glass petitioned for the return of the seized property pursuant to WIS. STAT. § 968.20. *Id.*, ¶4. The City of Milwaukee moved to dismiss Glass's petition because the City no longer possessed the property: police had turned the property over to a third party whom police believed was the rightful owner of the property. *Id.*, ¶¶5, 8. The circuit court awarded Glass $1,606.80, which Glass had established was the fair market value of the seized property disposed of by the City. *Id.*, ¶10.

---

[4] Specifically, WIS. STAT. § 968.20(1g) states that the circuit court shall order the property returned to the claimant if the court determines any of the following:

> (a) It is likely that the final judgment will be that the state must return the property to the claimant and the property is not reasonably needed as evidence or for other investigatory reasons or, if needed, satisfactory arrangements can be made for its return for subsequent use.

> (am) The property is the only reasonable means for a defendant to pay for legal representation in the forfeiture or criminal proceeding, the property is not likely to be needed for payment of victim compensation, restitution, or fines, and the property is not reasonably needed as evidence or for other investigatory reasons. If the court makes this finding, it may order the return of funds or property sufficient to obtain legal counsel but less than the total amount seized and require an accounting.

> (b) All proceedings and investigations in which it might be required have been completed.

¶10 This court reversed the circuit court's order, with Judge Schudson dissenting, and our supreme court affirmed that reversal, concluding that Glass could not obtain monetary damages against the City pursuant to WIS. STAT. § 968.20. *Id.*, ¶¶11, 20, 29. Our supreme court first concluded that, "[c]onsidering the aims and objects of a WIS. STAT. § 968.20 action and the procedure set forth in WIS. STAT. § 968.20," § 968.20 "establishes an in rem proceeding." *Id.*, ¶19; *see also id.*, ¶16 ("Section 968.20 appears to describe an in rem action in that it authorizes a circuit court to determine the ownership of seized property and order its return."); *id.*, ¶18 ("Section 968.20 does not set forth grounds for personal jurisdiction over the parties and does not provide for a judgment against any defendant personally. Section 968.20 thus does not seem to describe an in personam action."). The court then concluded that Glass could not obtain monetary damages against the City pursuant to § 968.20 for two reasons: first, because § 968.20 "does not expressly state that a circuit court may award monetary damages if seized property is not returned"; and second, because the circuit court did not obtain personal jurisdiction over the City, which was required to award monetary damages against the City. *Id.*, ¶20.

¶11 Relevant here, the *Glass* court also stated the following:

> In affirming the court of appeals, we pay heed to Judge Schudson's dissent, which noted that the plaintiff, "a pro se litigant, will be amazed that this court casts him back into a legal maze." However, we can discern no alternative under WIS. STAT. § 968.20, which sets forth a simplified means for returning seized property. Section 968.20 rests on the assumption that a person who seizes property will retain possession of the seized property. Indeed, this assumption would be in keeping with WIS. STAT. § 968.19, entitled "Custody of property seized," which requires seized property to be safely kept. Section 968.19 provides:
>
> > Property seized under a search warrant or validly seized without a warrant

5

> shall be safely kept by the officer, who may leave it in the custody of the sheriff and take a receipt therefor, so long as necessary for the purpose of being produced as evidence on any trial.
>
> Although we are sympathetic to the plaintiff's contention that an individual whose property has been seized should not be denied a simplified remedy merely because authorities have unlawfully disposed of the property, we conclude that it is for the legislature, not the courts, to create that simplified remedy.

*Id.*, ¶¶27-28.

¶12 As stated, the circuit court here denied Coinhub's petition for the return of the $20,000 based on *Glass*. The court concluded, "I think [*Glass*] really clearly says that I can't grant you the relief that you want in this action, and so I deny the petition and I am going to dismiss this action." The court further observed:

> [*Glass* is] a really interesting case when it talks about the unfairness of this process, but this is just the wrong statute is the way that I read this case, and that certainly doesn't mean that [Coinhub] isn't entitled to the return of $20,000 through a different method, but I think that I have to deny the petition here and dismiss this action[.]

¶13 Consistent with *Glass*, we conclude that the circuit court properly dismissed Coinhub's action under WIS. STAT. § 968.20 because the County no longer possessed the $20,000. As here, Glass's petition was for the return of property seized pursuant to § 968.20. *Id.*, ¶¶1, 4. But the *Glass* court stated, "Section 968.20 rests on the assumption that a person who seizes property will retain possession of the seized property." *Id.*, ¶27. Further, after describing § 968.20 as "a simplified means for returning seized property," the court stated that it was sympathetic to Glass's argument that he should not be "denied a simplified remedy merely because authorities have unlawfully disposed of the

property" but concluded that "it is for the legislature, not the courts, to create that simplified remedy." ***Id.***, ¶¶27-28. We conclude that the circuit court properly construed ***Glass*** as meaning that the simplified procedures under § 968.20 are unavailable when the seized property is no longer in the possession of the entity that seized it. ***Id.***, ¶27.

¶14 Coinhub argues that the ***Glass*** court addressed an issue different from that presented in this case because here, Coinhub explicitly informed the circuit court that it was not seeking monetary damages against the County and sought only a determination that it was the lawful owner of the seized property and an order for its return. To be sure, the ***Glass*** court stated that the issue before it was "whether WIS. STAT. § 968.20 authorizes a circuit court to award a plaintiff the fair market value of seized property when the City no longer has possession of the seized property." ***Id.***, ¶12. However, in resolving that issue, the court used the broad language quoted above, conveying that the procedures in § 968.20 cannot be invoked when the property is no longer in the possession of the entity that seized it. Although the ***Glass*** court made these broader statements in the context of deciding the more specific issue regarding a circuit court's authority to award the fair market value of seized property under § 968.20, we are bound by these statements and are not at liberty to deem them dicta. ***See Cook v. Cook***, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) ("The supreme court is the only state court with the power to overrule, modify or withdraw language from a previous supreme court case."); ***Zarder v. Humana Ins. Co.***, 2010 WI 35, ¶58, 324 Wis. 2d 325, 782 N.W.2d 682 ("[T]he court of appeals may not dismiss a statement from an opinion by this court by concluding that it is dictum.").

¶15 Coinhub further argues that ***Glass*** "clearly allows for a determination of ownership and order for return" under WIS. STAT. § 968.20,

which is the remedy that Coinhub seeks here. We reject this interpretation, given the language in *Glass* quoted above, which conveys that this remedy is not available when the seizing entity no longer possesses the property.

¶16     Echoing points made by the court in *Glass*, Coinhub also points out the potential for unfairness that can result from the interpretation of WIS. STAT. § 968.20 stated in *Glass*. Coinhub asserts that this interpretation renders numerous other statutes "useless" and that, even if the County no longer possessed the $20,000 at the time of the circuit court proceedings, an order under § 968.20 could still provide relief in various ways. However, because we are bound by the language from *Glass* discussed above, we do not address these arguments further. *See Cook*, 208 Wis. 2d 166, 189; *Zarder*, 324 Wis. 2d 325, ¶58.[5]

¶17     In sum, because the County no longer possesses the $20,000 seized from Coinhub, *Glass* precludes Coinhub from availing itself of the "simplified means for returning seized property" under WIS. STAT. § 968.20.

## CONCLUSION

¶18     For the reasons stated above, we affirm.

---

[5] Coinhub briefly suggests that the County "has not demonstrated that the actual bills it gave to S.A. are the same bills seized from Coinhub" and that, as a result, the County "may still have the seized bills." To the extent that Coinhub intends to advance this fact-based assertion as a separate argument, we reject it because Coinhub failed to raise it in the circuit court. *See Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (explaining that issues not raised in the circuit court are forfeited, and supporting the proposition that appellate courts generally do not address forfeited issues).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.